**KELLOGG et, Plaintiffs-Appellants, v. BOARD OF COUNTY COMMISSIONERS et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5821. Decided May 13, 1958.

Wiles, Doucher, Tressler & Koons, Columbus, for plaintiffs-appellants.
Samuel L. Devine, Pros. Atty., Earl W. Allison, Chief Counsel, Columbus, for Board of County Commissioners, Defendant-Appellee.
C. Emory Glander, Rudolph Janata, Jr., Columbus, for Mack Stewart Corporation, Defendant-Appellee.

## OPINION

Per CURIAM.

This opinion will supplant an opinion in this case rendered on April 22, 1958 and the latter opinion is hereby withdrawn.

Jay C. Kellogg and others, plaintiffs-appellants herein, began this action on April 8, 1957 by the filing of a petition in the Franklin County Common Pleas Court naming as defendants the Board of County Commissioners of Franklin County and the Mack Stewart Corporation, an Ohio corporation, defendants-appellees, herein.

The parties will be referred to herein as plaintiffs or defendants as in the court below. There were approximately ninety-six plaintiffs who described themselves as the owners of homes on each side of Dublin Road between Fishinger Road and Hayden Falls Road, said residences having a claimed value ranging from $25,000 to $100,000 each.

The petition alleges the corporate capacity of the defendants, the Board of County Commissioners and the Mack Stewart Corporation; alleges that the Mack Stewart Corporation held an option on and subsequently became the owner of sixty acres of unimproved real estate on the west side of Dublin Road in the same general neighborhood as the homes of the plaintiffs herein; alleges the taking of various steps by the said corporation and the said Board whereby the said sixty acres were made into a sanitary district; alleges that plans were approved for the erection of a sewage treatment plant within said district and that the contract for construction thereof was let to the said corporation.

The petitioners further claim that said corporation has an option for an additional one hundred acres adjoining the sixty acre tract, that the sewage treatment plant eventually will be required to serve both said tracts and that at the present time there is no need, either due to population or otherwise, for the building of such sewage treatment plant, followed by numerous allegations that untreated sewage or that which is only partially treated, will be carried from said treatment plant through certain ditches and streams onto and across the residence properties of all or some of the plaintiffs, creating cesspools of noxious and unwholesome matter, which will constitute a menace to the health and welfare of plaintiffs and generally will be a menace to the public health. There are various allegations as to taking property without due process, and abuse of discretion by the said Board of County Commissioners together with claims that §6117.01 et seq, R. C., contravene **Sections 16** and **19** of **Article I, Constitution of Ohio,** and the Fourteenth Amendment to the United States Constitution. The petition concludes with the following prayer:

"WHEREFORE, plaintiffs pray that said defendants, and each of them, be temporarily enjoined from proceeding with the erection of or from erecting said sewage treatment and disposal plant; that upon the final hearing of this cause, said injunction may be made permanent and that said plaintiffs may have all other and further relief to which they may be entitled in the premises."

On the same day that the petition was filed, plaintiffs filed a motion for a temporary injunction which motion referred to and adopted the

allegations in the petition. We note that the said petition was positively verified and hence served also the purpose of an affidavit supporting the motion for a temporary injunction.

We are unable to find in the file any written evidence as to whether or not there was any application for or allowance of a temporary restraining order. The immediate response of the two defendants was that each of them filed separate motions seeking to advance for immediate hearing the suit for permanent injunction. It was pointed out in support of the said two motions that prior to the filing of the aforesaid petition, the two defendants had entered into a contract for the erection of a sewage treatment and disposal plant for the payment of which public money had been committed.

Answers were filed separately on May 10, 1957 by the two defendants. The answer of the said Board of County Commissioners consisted of four defenses spread over ten pages, legal size. In the second ·defense of said Board of County Commissioners, spread over six and one-half pages, legal size, there is a detailed recital in some twenty-two numbered paragraphs of the various steps taken by the said Board, and on page eight thereof, the allegation that on February 26, 1957 said Board awarded the contract to said defendant corporation as the lowest bidder for erecting said plant and that it was required that said erection thereof be completed within one hundred eighty calendar days following the execution of the contract within the two week period, following February 26, 1957.

Stated another way, it was alleged that all of the steps required to be taken toward erecting and building the said sewage treatment plant and otherwise complying with the contract would be required to be taken before, on or about September 25, 1957.

On May 13, 1957, an entry was filed sustaining the motions of the two defendants "to advance this suit for temporary and permanent injunctions for immediate hearing." The court fixed Monday, June 3, 1957, as the time for the special assignment above referred to. The record does not show any disposition of the plaintiffs' motion of April 8, 1957 seeking a temporary injunction except in so far as, by inference, it would appear that the entry of May 13, 1957, aforesaid, disposed of the matter.

The matter came on for hearing on the merits and appears to have consumed several court days after which briefs were filed and a decision was handed down by Gessaman, J.

In that opinion Judge Gessaman, after referring to the letting of a contract for $57,889.60 by the Board of County Commissioners and the said corporation, makes the following statement:

"Up to April 8, 1957, the defendant corporation had spent money and incurred obligations on the contract in the sum of $44,316.00."

"In view of the delay of plaintiffs in filing this action and considering all that had taken place between May 4, 1956 and April 8, 1957, it is our opinion that plaintiffs are guilty of laches and for that reason, alone, the relief prayed for may be denied."

As heretofore noted, February 26, 1957 was the date of the award

of the contract to erect the treatment plant to the defendant corporation, and April 8, 1957 was the date on which the petition in this case was filed. The court then proceeded to discuss the other issues raised by the pleadings, the exhibits, the evidence and the briefs and arguments of counsel.

With reference to the allegation in the petition that the sewage treatment plant in question, if put into operation, would "discharge 'raw sewage, effluent, water and filth' into the stream that runs through the property of some of the plaintiffs," the trial court made the following statement:

"There is no evidence that raw sewage or filth will be discharged into the stream. There is evidence that in case of a prolonged break down of the plant, raw sewage might get into the stream. There is evidence, also, that some effluent, not offensive, and water will be discharged into the stream. The above allegation forms one basis for the prayer that we enjoin the erection of the plant;—not that we enjoin the discharge of water or effluent from the plant in the stream."

"We should observe, at this point, that we are not, in this case, called upon to pass upon, nor are we passing upon the rights of any of the plaintiffs, if actually, raw sewage and filth is discharged into the stream."

On October 9, 1957, a journal entry was filed pursuant to the decision made by Judge Gessaman, which, among other things, found that plaintiffs failed to establish the claimed gross abuse of discretion by the said Board or that said plant will constitute a nuisance, the court finding "that plaintiffs have been guilty of laches." It was ordered that the injunction prayed for should be denied and the petition dismissed.

Thereafter on October 25, 1957 a notice of appeal "on questions of law and fact" was filed, followed by the filing in this court of a transcript of docket and journal entries on October 28, 1957; the Bill of Exceptions filed November 25, 1957; leave granted appellants for an additional thirty days to file a trial brief on December 20, 1957, and brief of appellant and proof of service filed January 2, 1958.

We note also that on February 11, 1958 defendant-appellant, the said Board of County Commissioners, filed a motion to dismiss the appeal on questions of law and fact because of the alleged failure to file an appeal bond within the time provided by law; because the case was not entitled to be appealed on questions of law and fact and because plaintiffs-appellants allegedly treated the appeal as one on questions of law only.

Thereafter on February 20, 1958, an entry was placed on file in this court approved by counsel for plaintiffs-appellants and counsel for the said Board of County Commissioners sustaining, without reservation or exceptions, the motion to dismiss the appeal as one of law and fact and retaining it as an appeal on questions of law alone. Said entry concluded with the following language:

"* * * and the bill of exceptions and briefs already filed herein shall be refiled as of the date of this entry in accordance with Rule V (D) of this Court."

Thereafter, on February 20, 1958 an assignment of error containing seven numbered paragraphs was filed by plaintiffs-appellants claiming that the judgment of the court below is against the evidence and the law, that it is contrary to law and that it is against the manifest weight of the evidence.

It was further claimed that the statutes relied upon by the defendant Board are unconstitutional; that the proceeding amounted to a taking of the property of the plaintiffs without compensation, contrary to the Federal and State Constitutions; that the erection of the plant amounted to gross abuse of discretion and that there were other errors apparent on the face of the record.

We have set forth the rather detailed foregoing statement to bring into proper focus the situation presently existing in this case. Under date of April 22, 1958 this court rendered an opinion, per curiam, which, as we have said, we are withdrawing in favor of the present opinion for the reason that in the earlier opinion it was said we were unable to find an assignment of error. While that was the fact, the assignment had been filed and the record clearly shows there is no question in the court's mind that the said assignment of error was filed February 20, 1958. While it is true that the entry, also of February 20, 1958, permitted the refiling of briefs of plaintiffs-appellants filed January 2, 1958, it is inescapable that the said January 2, 1958 brief was planned as it was labelled, as a "TRIAL BRIEF OF THE PLAINTIFFS AND APPELLANTS." This was no doubt on the assumption that the matter would be considered as a trial de novo. The mere refiling of the brief did not change or add anything to it. Said brief did not contain a breakdown or organization of the authorities or arguments under the seven headings set forth in the assignment of errors.

The matter having been brought to the court's attention by counsel for plaintiffs-appellants, the court has again considered the matter in light of the several assignments of errors. The court feels that from the record it clearly appears that the contract for the erection of the sewage treatment plant (according to the pleadings filed by the defendant Board), was to have been completed prior to the date of the filing of the journal entry incorporating the decision by Judge Gessaman. The effect of this was that every bit of construction work was to be done nearly one month before the notice of appeal was filed.

It was stated in argument and not denied, that the work in fact was finished and completed considerably prior to the argument of the case in this court. Earlier in this opinion we have quoted and set forth the entire prayer of plaintiffs' petition. Only two things are sought: (a) a temporary injunction and (b) a permanent injunction against "proceeding with the erection of or from erecting said sewage treatment and disposal plant."

We are compelled, therefore, to reaffirm our previous decision and judgment that the question has become moot, and that it appears that no effective order could possibly be made to halt or enjoin that which in fact already has been fully accomplished. This court adopts the decision of Judge Gessaman and for the reasons above set forth is of the opinion (1) that the judgment of the court below is not against the evidence and the law; (2) that the judgment of said court is not con-

trary to law; (3) that the judgment of said court is not against the manifest weight of the evidence; (4) that the statutes in question are not unconstitutional and the proceedings are not illegal; (5) that the erection and operation of said plant does not constitute the taking of property of plaintiffs without compensation; (6) that the erection of said plant does not constitute a gross abuse of discretion and (7) that there are no other errors apparent upon the face of the record prejudicial to the rights of plaintiffs-appellants herein.

PETREE, PJ, BRYANT and MILLER, JJ, concur.