563 F.2d 884
 77-2 USTC P 9682
 UNITED STATES of America, Appellant,
v.
Roger F. VORACHEK, Joseph W. Vorachek, Estate of Emmett J.
Vorachek, Georgette I. Vorachek, Laverne V. Gaarder,
Marjorie W. Vorachek, Wilmer J. Vorachek, James H. Vorachek,
Keith J. Vorachek, and North Dakota State Tax Commissioner, Appellees.
 No. 77-1256.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 19, 1977.
Decided Oct. 7, 1977.
 
 Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Leonard J. Henzke, Jr., Michael J. Roach, Attys., Tax Div., Dept. of Justice, Washington, D. C., Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellees.
 Roger F. Vorachek, Lankin, for appellant.
 Before GIBSON, Chief Judge, VOGEL, Senior Circuit Judge, and BRIGHT, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by the government from a district court judgment in its favor against Appellee Roger F. Vorachek for unpaid tax liability for the tax years 1965, 1966, and 1968 to 1974, and against Appellee Maria Vorachek for the tax years 1973 and 1974. The jurisdiction of this court is invoked under 28 U.S.C. § 1291.
 
 
 2
 The case began in February 1975, when the government brought an action in district court to reduce to judgment federal income tax assessments which it had made against Roger Vorachek for the tax years 1965, 1966 and 1968 to 1972. Vorachek responded with a motion to dismiss the tax assessments in which he alleged that he had a claim against the government, based on an unauthorized release of medical records, which exceeded any tax due. In preparation for the action, the government filed a notice to take the deposition of Vorachek. At the deposition, Vorachek appeared, identified himself, and stated his employment. Thereafter, he refused to answer all questions concerning his assets, his income tax returns, and his income and deductions for the tax years in issue. On May 21, 1975, the government moved for summary judgment for the unpaid balance due, $21,539.79, for the tax years 1965, 1966, and 1968 to 1972. The motion was granted by an order of the district court entered July 11, 1975.
 
 
 3
 On July 22, 1974, tax assessments were entered against Roger and Maria Vorachek for the tax year 1973. On June 2, 1975, tax assessments were entered against the Voracheks for the tax year 1974. On December 15, 1975, the government filed a motion to amend its prior complaint to include the unpaid balance due, $3,834.00, on those assessments. The motion was granted on January 6, 1976, and the government's amended complaint was filed on the same day. On June 9, 1976, the government moved for a summary judgment on the amended complaint. Roger Vorachek requested an extension of time in order to file response to the government's motion and the request was granted. He did not file a response. Accordingly, the district court granted the government's motion for summary judgment in an order filed September 2, 1976.
 
 
 4
 On August 16, 1976, supplemental tax assessments in the amount of $6,194.52 were entered against the Voracheks for the tax year 1973. On July 26, 1976, supplemental tax assessments were entered against the Voracheks in the amount of $10,829.35 for the tax year 1974. The supplemental assessments were made pursuant to 26 U.S.C. § 6204(a). On August 23, 1976, a tax assessment of $7,163.78 was entered against the Voracheks for the tax year 1975. The government alleges that the Internal Revenue Service did not inform the Department of Justice of its intention to file the supplemental assessments for the tax years 1973 and 1974 until after the government's motion for summary judgment had been granted.
 
 
 5
 On November 8, 1976, the government moved for an order withdrawing the district court's order of September 2, 1976, and for leave to file a supplemental complaint to include the unpaid balance due, $28,022.13, for the supplemental assessments for 1973 and 1974 and the assessment for 1975. The district court denied the government's motion and entered a final judgment, pursuant to Rule 54(b) of the Fed.R.Civ.P., based on the summary judgment granted on September 2, 1976. The government appeals from this judgment, urging that the district court erred in denying its motions to vacate judgment and to file a supplemental complaint.
 
 
 6
 The government entitled its motion as one "for leave of court to supplement complaint." The distinction between an amended pleading under Rule 15(a) and a supplemental pleading under Rule 15(d) of the Fed.R.Civ.P. has been stated as follows:
 
 
 7
 An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause.
 
 
 8
 Berssenbrugge v. Luce Mfg. Co., 30 F.Supp. 101 (W.D.Mo.1939). See also Slavenburg Corporation v. Boston Insurance Company, 30 F.R.D. 123 (S.D.N.Y.1962); Randolph v. Missouri-Kansas-Texas R. Co., 78 F.Supp. 727, 728 (W.D.Mo.1948). While the tax assessments in the government's proposed "supplement to the complaint" occurred subsequent to the complaint to be amended, their significance lies in tax events which allegedly occurred prior to the complaint but of which the government was not cognizant at the time. Therefore, Rule 15(a) was applicable.[1]
 
 
 9
 Fed.R.Civ.P. 15(a) provides as to amending pleadings "by leave of court" that, "leave shall be freely given when justice so requires." In commenting on the application of Rule 15(a), the Supreme Court, in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), stated:
 
 
 10
 Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), §§ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. (Emphasis supplied.)
 
 
 11
 The only reason given by the district court for denying the government's motions was that by granting them it would deprive the Voracheks of a possible defense of res judicata in a subsequent independent action brought by the government to collect the supplemental assessments for the tax years 1973 and 1974. We disagree with the district court, for a taxpayer is not entitled to a windfall at the public's expense by a tax collector's error which in no way is shown to prejudice a taxpayer.
 
 
 12
 The only other legitimate hardship that we can see accruing to the taxpayers in allowing the amended complaint is delay, as the government's request to correct its complaint came some eleven months after its prior complaint was filed. However, the taxpayer does not claim that he was prejudiced by the delay, or that the delay was due to any bad faith or dilatory motive on the part of the government. Nor do we find any evidence from the record that such was the case.
 
 
 13
 We see no prejudice accruing to the taxpayers as a result of granting the government's request to correct its pleading. No reason appears why the formality and expense of starting a new action should be required. Therefore, we believe that in light of the Supreme Court's holding in Foman, supra, and the provisions of Fed.R.Civ.P. 15(a), the district court was required to set aside the judgment and permit the filing of a corrected complaint.
 
 
 14
 We reverse and remand the case for further proceedings consistent with this opinion.
 
 
 
 [1]
 The erroneous characterization of the corrected pleading as a "supplement to the complaint" is immaterial. See United States v. Reiten, 313 F.2d 673, 674 (9th Cir. 1963); United States v. Russell, 241 F.2d 879, 882 (1st Cir. 1957)