MORK et al., Appellants,

v.

WALTCO TRUCK EQUIPMENT COMPANY et al., Appellees.

[Cite as *Mork v. Waltco Truck Equip. Co.* (1990), 70 Ohio App.3d 458.]

Court of Appeals of Ohio,
Summit County.

No. 14598.

Decided Nov. 28, 1990.

*Robert W. Heydorn* and *Orval R. Hoover*, for appellants.

*Nickolas P. Andreeff, John R. Kassinger* and *Richard Schunk*, for appellees.

CACIOPPO, Judge.

Gordon Mork appeals the decision of the Summit County Court of Common Pleas denying his motion to amend or file a supplemental complaint, granting a motion to dismiss Ray Fogg Building Methods, Inc. ("Fogg"), and granting

motions for judgment on the pleadings in favor of the city of Tallmadge, James Capriola and Waltco Truck Equipment Company ("Waltco").

Waltco, a lift gate manufacturer, built a facility at 298 Northeast Avenue, Tallmadge, in 1979. In 1980, Mork purchased a twenty-unit apartment complex adjacent to the Waltco facility. In 1985, Waltco applied for a zoning certificate and a building permit to construct an addition. James Capriola, the Tallmadge building and zoning inspector, granted the zoning certificate and issued a building permit.

On October 30, 1985, Gordon Mork filed a complaint against Waltco, Tallmadge and Capriola. The complaint alleged that Waltco's addition at 298 Northeast Avenue would be in violation of Tallmadge zoning laws because Waltco would be engaging in metal working and welding within two hundred feet of a residential district and, if constructed, the addition would constitute a public nuisance. Mork sought to enjoin Waltco from constructing the addition and to revoke the zoning certificate and building permit.

On December 10, 1985, Mork filed an amendment to the complaint alleging that Waltco's building and use violated zoning ordinances and should be enjoined. On December 17, 1985, Mork filed motions for a temporary restraining order, preliminary injunction and joinder of Fogg, the general contractor.

The trial court granted the motion to join Fogg and denied the motion for a temporary restraining order. Mork voluntarily withdrew his motion for preliminary injunction. By agreement of parties on May 24, 1986, the case was placed on the court's inactive docket to permit Mork to pursue other legal remedies.

In 1988, Waltco sought and received variances to build an addition to its facility at 285 Northeast Avenue, Tallmadge.

On October 13, 1989, Mork filed motions to reactivate the case and amend his complaint. The trial court granted the motions. On October 23, 1989, Waltco filed a Civ.R. 60(B) motion for relief from the October 13 order.

After a hearing on the matter, the trial court denied Mork's motion to amend his complaint or to file a supplemental pleading on December 29, 1989. The trial court granted Fogg's motion to dismiss on February 20, 1990, after a hearing. On April 27, 1990, the trial court granted Tallmadge and Capriola's motions to dismiss and for judgment on the pleadings and granted Waltco's motion for judgment on the pleadings.

### Assignment of Error I

"The trial court erred and abused its discretion by reversing its prior order and failing to permit amendment of the complaint or the filing of a supplemental complaint."

Mork argues that the trial court erred in denying his motion to amend the complaint or, alternatively, to file a supplemental pleading.

Absent a finding of an abuse of discretion, this court will not reverse the decision of the trial court. Civ.R. 15(A), like Fed.R.Civ.P. 15(a), covers amended complaints. Civ.R. 15(E), like Fed.R.Civ.P. 15(d), covers supplemental pleadings.

In *United States v. Vorachek* (C.A. 8, 1977), 563 F.2d 884, the court construed amended pleadings and supplemental pleadings. An amended pleading is designed to include matters occurring before the filing of the complaint but either overlooked or not known at the time. *Id.* at 886. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause. *Id.* Moreover, the staff notes to Civ.R. 15(E) provide that "fundamentally, a supplemental pleading is a mere addition to, or continuation of, the original complaint." Under Civ.R. 15, a supplemental pleading must contain only matter in common with the original complaint. *Columbus, ex rel. Willits, v. Cremean* (1971), 27 Ohio App.2d 137, 160, 56 O.O.2d 310, 323, 273 N.E.2d 324, 337–338. A new and different cause of action cannot be raised by a supplemental pleading. *State, ex rel. Dickman v. Defenbacher* (1949), 151 Ohio St. 391, 394, 39 O.O. 221, 222, 86 N.E.2d 5, 7.

In the case at bar, the original complaint and amendment sought injunctive relief for alleged zoning violations at Waltco's 298 Northeast Avenue facility. The 1989 pleading seeks compensatory and punitive damages, in addition to injunctive relief for alleged zoning violations at Waltco's 298 and 285 Northeast Avenue facilities. The complaint also cites causes of action for fraud, trespass, taking of property without just compensation, and due process and equal protection violations under Section 1983, Title 42, U.S.Code. Additionally, the 1989 pleading named defendant Roger Lyons, the Tallmadge building and zoning inspector who replaced Capriola subsequent to the filing of the first complaint.

We begin our analysis by noting that the 1989 pleading is more appropriately termed a supplemental pleading rather than an amended complaint because it includes matters that occurred after the original cause, such as the 1988 addition at the 285 Northeast Avenue facility. However, the pleading does not comply with Civ.R. 15(E) because it contains new causes of action as well as matters other than were alleged in the original complaint, which merely sought injunctive relief for alleged zoning violations at Waltco's 298 Northeast Avenue facility. Therefore, the trial court did not abuse its discretion in denying Mork's motion to amend or to file a supplemental pleading. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred by dismissing Ray Fogg Building Methods, Inc. as a defendant."

■ Mork asserts that Fogg was improperly dismissed. Fogg was the general contractor who applied for the 1985 zoning certificate for the addition to Waltco's facility at 198 Northeast Avenue. Fogg was joined as a party-defendant in December 1985, when Mork filed motions for a temporary restraining order and preliminary injunction. The motion for a temporary restraining order was subsequently denied. Mork withdrew the motion for a preliminary injunction.

Under these circumstances, where the claims under which Fogg was made a party are no longer pending and there are no claims alleged against Fogg in the original complaint or its amendment, we find the trial court did not err in dismissing Fogg from the suit.

### Assignments of Error

"III. The trial court erred by granting the motion to dismiss and the motion for judgment on the pleadings to the City of Tallmadge and James Capriola.

"IV. The trial court erred by granting the motion for judgment on the pleadings to Waltco."

These assignments of error are interrelated and will be addressed together.

■ Under the maxim that equity will not do a vain thing, relief in an injunction action will be denied if it is impracticable to enforce a decree which will cover the situation. *Hooks v. Cincinnati Metro. Hous. Auth.* (1969), 28 Ohio Misc. 219, 223, 57 O.O.2d 121, 123, 277 N.E.2d 252, 255. A court cannot halt the construction of that which has already been completed. *Kellogg v. Bd. of Cty. Commrs.* (1958), 78 Ohio Law Abs. 502, 506, 153 N.E.2d 521, 524–525. In the case *sub judice,* Mork seeks to enjoin construction and revoke the zoning certificate and building permit of an addition that was completed years ago. Therefore, the injunctive relief sought is moot. We find no error in granting judgment on the pleadings to Waltco, Tallmadge and Capriola. The third and fourth assignments of error are overruled.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

REECE, P.J., and CIRIGLIANO, J., concur.