Appellant Brian Andrade appeals the decision of the Richland County Court of Common Pleas that dismissed his 42 U.S.C. § 1983 complaint for failure to establish a claim for relief. The following facts give rise to this appeal.
Appellant currently is a prisoner at Mansfield Correctional Institution ("ManCI"). In October 1998, the Ohio Adult Parole Authority informed appellant that he would be granted parole after June 1, 1999. On April 29, 1999, prison officials searched appellant's cell and confiscated, as contraband, a radio, watch and syringe. Appellant submitted to a urine test, on this same date, and tested positive for marijuana. Thereafter, a Rules Infraction Board found appellant guilty of these offenses. As a result of this incident, appellant did not receive parole in June 1999. Instead, the Ohio Adult Parole Board continued appellant's incarceration until two weeks prior to the expiration of his maximum sentence. On December 22, 1999, appellant filed the complaint that is the subject of this appeal. Appellant named as defendants: Appellee Betty Mitchell, Warden, ManCI; Appellee Brad Wise, ManCI Recovery Services; Appellee Jennifer Risinger, ManCI Unit 4 Manager; Appellee Reginald Wilkinson, Director, Ohio Department of Rehabilitation and Correction; and Appellee Margarette T. Ghee, Chairperson, Ohio Adult Parole Authority. In response, on February 3, 1999, appellees moved to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6) because it failed to state a claim upon which relief could be granted.
The trial court granted appellees' motion on June 1, 2000. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED APPELLEE'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO EQUAL PROTECTION.
 II. THE COMMON PLEAS COURT COMMITTED REVERSIBLE ERROR BY DISMISSING PLAINTIFF'S COMPLAINT WITHOUT FIRST ALLOWING HIM TO AMEND THE COMPLAINT.
 III. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN ITS CONCLUSION WHERE THE EVIDENCE WITHIN (SIC) THE COMPLAINT LACKED SUFFICIENCY TO DISMISS APPELLEE"S (SIC) CLAIM FOR FAILURE TO STATE A CLAIM FOR RELIEF.
 IV. THE COMMON PLEAS COURT ABUSED ITS DISCRETION WHERE IT DISMISSED APPELLEE"S (SIC) COMPLAINT FOR FAILURE TO STATE CLAIM AND NOT GIVING HIM OPPORTUNITY TO AMEND HIS COMPLAINT AFTER IT DENIED HIM APPOINTMENT OF COUNSEL.
 I, III
We will address appellant's First and Third Assignments of Error simultaneously. In his First and Third Assignments of Error, appellant contends the trial court violated his right to equal protection when it dismissed his complaint, under Civ.R. 12(B)(6), for failure to state a claim for relief. We disagree.
In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Dept. of Human Resources (1995),106 Ohio App.3d 88, 91. We need not defer to the trial court's decision. Id. The court, in Rich, further described when a Civ.R. 12(B)(6) motion may be granted.
In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Citations omitted.) * * * [We] must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Id., citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144.
Appellant seeks relief under 42 U.S.C. § 1983. Section 1983 provides, in relevant part:
 Every person who, under color of any statute, ordinance, or regulation, custom, or usage, of any State or Territory or the District of Columbia, subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
"This reqires the claimant to establish two elements: `(1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.'" 1946 St. Clair Corp. v. City of Cleveland (1990), 49 Ohio St.3d 33, 34.
In the judgment entry granting appellees' motion to dismiss, the trial court relied on the case of Wilson v. Kinkela (C.A.6, 1998), 145 F.3d 1335. In the Wilson case, the Sixth Circuit Court of Appeals concluded:
 Wilson's claims are not cognizable under § 1983 insofar as a ruling on them would affect the validity of his confinement, until he shows that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus [Citations omitted.]
* * *
 [Heck] applies here because a decision on the merits of Wilson's claims would affect the validity of his continued confinement. [Citations omitted.] Judgment Entry, June 1, 2000, at 3, citing Wilson at 133.
The trial court concluded that it was required to dismiss appellant's complaint because a decision on his claims would affect the validity of his continued confinement and therefore, are not cognizable under42 U.S.C. § 1983. Judgment Entry, June 1, 2000, at 3.
We agree with the trial court's conclusion. In the case of Heck v. Humphreys (1994), 512 U.S. 477, 484, a case decided prior to Wilson, the United States Supreme Court held that claims under § 1983 which, if successful, would render invalid, or call into question a prisoner's conviction or sentence, may not be brought to federal court under § 1983 and must instead be brought as a writ of habeas corpus, even if the prisoner only seeks money damages and not injunctive relief. Id. at 487.
The United States Supreme Court subsequently extended its decision, in Heck, and held that a § 1983 claim based on a prison infraction which the prisoner was found guilty was not cognizable unless the prisoner proved the invalidity of the decision finding him guilty of the prison infraction. Edwards v. Balisok (1997), 520 U.S. 646, 648. The Court explained that this can be achieved only through a federal habeas corpus proceeding or an appropriate state hearing.
Thus, based on the Sixth Circuit Court of Appeals' decision in the Wilson case and the United States Supreme Court's decisions in the Heck and Edwards cases, we conclude the trial court properly granted appellees' motion to dismiss pursuant to Civ.R. 12(B)(6). Appellant cannot challenge the validity of his continued confinement under a § 1983 action.
Appellant also claims, in his First Assignment of Error, that the trial court's dismissal of his complaint violated his right to equal protection. Appellant specifically argues that once the Ohio Adult Parole Authority informed him that he would be granted parole on or after June 1, 1999, he had an expectancy in parole which rises to the level of a liberty interest under the Fourteenth Amendment. We reject this argument pursuant to the case of Jago v. Van Curen (1981), 454 U.S. 14. The Court held, in the Jago case, that even though the prisoner suffered a "grievous loss" when his parole was rescinded, the loss did not create a liberty interest. Id. at 17.
Appellant's First and Third Assignments of Error are overruled.
 II, IV
Appellant claims, under his Second and Fourth Assignments of Error, that he should have been permitted to amend his complaint, to state a claim for relief, prior to the trial court's dismissal of his complaint. We disagree.
Civ.R. 15(A) addresses amendments to a pleading and provides, in relevant part:
(A) Amendments
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *
"An amended pleading is designed to include matters occurring before the filing of the complaint but either overlooked or not known at the time." Mark v. Waltco Truck Equip. Co. (1990), 70 Ohio App.3d 458, 461, citing United States v. Vorachek (C.A.8, 1977), 563 F.2d 884, 886. The record indicates that appellant never sought to amend his complaint even though he could have done so, without leave of court, after appellees filed their motion to dismiss since a motion to dismiss under Civ.R. 12(B)(6) is not a responsive pleading. See Civ.R. 12(B). Appellant failed to do so. Further, as explained above, a 42 U.S.C. § 1983 action is not the proper action for the relief sought by appellant and therefore, any amendment to his complaint would have been a futile act on his part.
Appellant's Second and Fourth Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Hoffman, P.J., and Boggins, J., concur.
 _________ Wise, J.