OPINION
{¶ 1} Plaintiff-appellant, AK Steel Corp. ("AK"), appeals the decision of the Butler County Court of Common Pleas granting a motion for reconsideration filed by defendants-appellees, the Ohio Director of Environmental Protection Agency ("EPA") and the state of Ohio, and dismissing AK's motion to amend its amended verified complaint. We affirm in part, reverse in part and remand the decision of the trial court.
 {¶ 2} On June 20, 1997, the EPA issued a letter informing AK that emissions from its Middletown Works facility were creating a public nuisance. AK was ordered to submit a control plan to the EPA. On February 3, 2000, the EPA again informed AK that emissions from its facility were creating a public nuisance and repeated its order to submit a plan for controlling those emissions.
 {¶ 3} On June 29, 2000, AK filed a verified complaint for declaratory and injunctive relief. Before appellees filed a responsive pleading, AK filed an amended verified complaint ("AVC") on July 10, 2000. The AVC sought declarations from the court of AK's duties, rights and legal obligations to the EPA. AK also sought declarations that the exemptions for the blast furnace remain valid and in effect, that it is in compliance with operating permits for the blast furnace and that compliance with operating permits precludes the EPA from taking any action against AK, that the EPA's revocation of AK's exemption, by the June 20, 1997 and February 3, 2000 letters, did not revoke AK's regulatory exemption because they violate the requirements of Ohio Admin. Code 3745-47, and that particulate emissions from AK do not cause a public nuisance and that the EPA's public nuisance rule is unconstitutionally vague.
 {¶ 4} AK also sought injunctive relief in the form of an order to the EPA to refrain from taking action against AK for the exempt blast furnace.
 {¶ 5} Appellees both moved to dismiss and AK moved for partial summary judgment. On July 27, 2001, the trial court denied the motions to dismiss and granted AK's motion for partial summary judgment. The court directed "declaratory judgment to AK Steel on its claim that the two letters were null and void and of no legal effect." The trial court also stated in its entry that, the remaining declarations sought by AK "involve disputed issues of state law, * * * that a real and justiciable controversy exists that needs the Court's resolution in order to protect the rights that will otherwise be impaired or lost."
 {¶ 6} On August 23, 2001, appellees filed a joint motion for reconsideration arguing that no justiciable issues or disputes remained to be resolved in AK's action. On January 8, 2002, AK filed a motion for leave to file a second amended verified complaint. The trial court granted appellees' joint motion for reconsideration on January 29, 2002. The trial court stated that "the two letters were null and void and of no legal effect" and that the entry was "dispositive of Plaintiff AK Steel's remaining claims which are hereby dismissed."
 {¶ 7} AK appeals the decision raising four assignments of error, which will be addressed out of sequence for purposes of clarity.
Assignment of Error No. 2
 {¶ 8} "The trial court abused its discretion in overruling AK Steel's motion for leave to file a second AVC because actions taken by the defendants after the trial court's July 27, 2001, ruling and before
their motion for reconsideration was heard clearly demonstrated that additional declaratory relief was needed, and AK Steel's proposed second AVC, together with the company's two additional motions for summary judgment, timely sought to obtain that additional relief and to conform the AVC to the trial court's July 27, 2001 ruling."
 {¶ 9} Civ.R. 15(A) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may amend at anytime within twenty-eight days after service. Otherwise, the party may amend only by leave of court or written consent of the adverse party.
 {¶ 10} Generally, the denial of leave to amend a pleading is discretionary with the trial court. Wille v. Hunkar Lab., Inc. (1998),132 Ohio App.3d 92, 109; DiPaolo v. DeVictor (1988), 51 Ohio App.3d 166. However, the mandate of Civ.R. 15(A) as to amendments requiring leave of court, is that leave "shall be freely given when justice so requires."Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175; see, also, McGlonev. Spade, Crawford App. No. 3-01-26, 2002-Ohio-2179, ¶ 56. An appellate court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision the appellate court might have made. See Wilmington Steel Products, Inc. v.Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 121-122. The standard for abuse of discretion is "defined as more than an error of law or of judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable." Ruwe v. Board of TownshipTrustees (1987), 29 Ohio St.3d 59, 61.
 {¶ 11} AK's January 8, 2002 "Motion for Leave to File Second Amended Verified Complaint" states that it seeks "to add new claim No. 6." A supplemental complaint is used to set forth transactions, occurrences or events that happen after the filing of the original complaint. See Mork v. Waltco Truck Equip. Co. (1990), 70 Ohio App.3d 458,461. However, a party may not file a supplemental complaint in order to assert new causes of action. See State ex rel. Dickman v. Defenbacher
(1949), 151 Ohio St. 391, 394. AK states in its "Motion for Leave to File Second Amended Verified Complaint" that the purpose in adding the new claim 6 is to address "an additional legal infirmity associated with Ohio EPA's air nuisance rule * * * AK believes that [the rule] was promulgated by the [EPA] in violation of statutory authority." Since AK sought to add a new claim, we cannot conclude the trial court displayed an arbitrary, unreasonable, or unconscionable attitude in denying the motion. Consequently, the second assignment of error is overruled.
 {¶ 12} Assignments of Error Nos. 1 and 3 will be addressed together as they are interrelated.
Assignment of Error No. 1
 {¶ 13} "The trial court erred in dismissing AK Steel's AVC because (i) the AVC alleged facts and sought relief broader that just the limited declarations entered by the trial court on July 27, 2001, (ii) the company had not been provided a meaningful opportunity to take discovery and prosecute its remaning claims for relief prior to the dismissal, and (iii) the trial court, the defendants, and AK Steel had each filed pleadings or taken actions before and after the trial court's July 27, 2001, ruling that demonstrated that all parties and the trial court knew that AK Steel had claims not yet resolved that required additional declatory relief from the trial court."
Assignment of Error No. 3
 {¶ 14} "The trial court erred in dismissing AK Steel's AVC because the trial court overlooked the fact that the defendants had admitted
after the trial court's July 27, 2001, ruling that additional claims for relief still existed in AK Steel's AVC, and because the trial court should have recognized, based on the defendants' conduct over the previous thirteen months, that the joint motion for reconsideration was nothing more than just the latest effort on the defendants' part to keep AK Steel's claims for declaratory relief from ever being heard."
 {¶ 15} AK argues the AVC was broader and sought more declarations of Ohio law than just whether the two letters were procedurally infirm by violating the requirements of Ohio Admin. Code 3745-47. AK argues the AVC contained sufficient allegations of fact and law to meet the notice pleading requirements of Civ.R. 8. AK also argues that claims for relief still existed after the July 27, 2001 ruling. Therefore, AK argues, the trial court erred in concluding that the July 27, 2001 partial summary judgment resolved all of the issues set forth in the AVC.
 {¶ 16} Civ.R. 8(A) requires pleadings to contain a "short and plain statement of the claim showing that the party is entitled to relief." In the AVC, AK sought numerous declarations of law that were not addressed, including the following:
 {¶ 17} AK's "codified regulatory exemption for the iron and steel-making furnaces at its Middletown Works was still valid and had not been revoked by operation of law due to the issuance of the two letters;
 {¶ 18} "Dust emissions from the Company's furnaces were not causing a public nuisance in violation of Ohio EPA's public nuisance rule, [Ohio Admin.Code] Rule 3745-15-07;
 {¶ 19} "Ohio EPA's issuance of air operating permits setting limits on dust emissions from the Company's furnaces barred [appellees], as a matter of law, from asserting that those same dust emissions were causing a nuisance in violation of Ohio EPA's public nuisance rule, [Ohio Admin.Code] Rule 3745-15-07;
 {¶ 20} "The Company's compliance with terms and conditions of its air operating permits separately barred [appellees], as a matter of law, from asserting that the dust emissions were causing a nuisance in violation of Ohio EPA's public nuisance rule, [Ohio Admin.Code] Rule3745-15-07;
 {¶ 21} "Ohio EPA's public nuisance rule, [Ohio Admin.Code] Rule3745-15-07, was unconstitutionally vague as applied to AK Steel, in violation of the Company's due process rights under Ohio's Constitution."
 {¶ 22} The trial court did not address those allegations because it held that "the two [EPA] letters were null and void and of no legal effect," therefore the trial court dismissed AK's remaining claims. However, we hold these allegations are sufficient under Civ.R. 8(A) to state a claim. Therefore, AK's first and third assignments of error are well-taken. Consequently, the matter is remanded for determination on the issues not previously addressed.
Assignment of Error No. 4
 {¶ 23} "The trial court erred by not denying the defendants' joint motion for reconsideration because the defendants did not appeal the trial court's July 27, 2001, partial summary judgment, because they asserted no new grounds under Civil Rule 60 to reopen that judgment, and because a motion for reconsideration may not be used in lieu of an appeal."
 {¶ 24} A motion for reconsideration of a final judgment in the trial court is a nullity, but it is the proper procedural vehicle for obtaining relief after interlocutory orders. Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 379. However, in this case, the order is a final appealable order and not interlocutory because it contains Civ.R. 54(B) language.
 {¶ 25} An order resolving fewer than all the claims or the rights and liabilities of fewer than all the parties must satisfy the requirements of Civ.R. 54(B) by containing an express determination that "there is no just reason for delay" to qualify as a final appealable order. See Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352,1993-Ohio-120. The order granting partial summary judgment states, "there is no just reason for delay in resolving this particular claim for relief sought by AK Steel, * * * this is a Final Appealable Order." Since a motion for reconsideration of a final judgment in the trial court is a nullity, we find AK's fourth assignment of error is well-taken. Therefore, we must remand the decision for the trial court to address the issues not addressed. We hold that finding that "the two letters were null and void and of no legal effect" did not dispose of AK's remaining claims. See Pitts, 67 Ohio St.2d at 379.
 {¶ 26} Judgment affirmed in part, reversed in part and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., and POWELL, J., concur.