JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Alan Meyer appeals from a judgment of the common pleas court granting the motion for summary judgment filed by appellee Wabash Alloys, LLC, et al ("Wabash") without expressed leave of court and its refusal to grant Meyer leave to amend his complaint to include newly discovered evidence. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred when it accepted and subsequently ruled upon Appellees Wabash Alloys, LLC, and Connell Limited Partnership's Motion for Summary Judgment."
 {¶ 3} "II. The trial court erred when it denied the Appellant Alan Meyer's Leave to Amend his Complaint to include newly discovered evidence."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 5} Alan Meyer was a maintenance employee of Wabash, a subsidiary of Connell Limited Partnership. Wabash is in the business of converting scrap chunk and sheets of aluminum, blocks or "ingots" of aluminum, and molten pots of aluminum with certain chemical alterations into aluminum alloy, which are then sold in either molten or solid form to its customers.
 {¶ 6} The record reflects on June 10, 1999, Alan Meyer was instructed to repair a conveyor which had stopped after an aluminum ingot became stuck in its track. He entered a small waste pit underneath the conveyor in an attempt to repair the track. He attempted to free the ingot clogging the track by cutting it with a welding torch. While doing so, the ingot became dislodged from the machinery and the conveyor track began to move suddenly. The track fell, trapping his left arm between the track and the rest of the conveyor's machinery. Meyers sustained severe and permanent injuries.
 {¶ 7} On May 18, 2000, Meyer filed a complaint in Cuyahoga County Common Pleas Court claiming that Wabash committed intentional tort by failing to properly maintain their conveyor track system. On August 25, 2002, Wabash filed a Motion to Dismiss arguing Meyer failed to state a claim upon which relief could be granted, and the complaint lacked the specific facts to meet the "heightened" pleading requirement to sustain a claim for intentional tort. The trial court granted Wabash's Motion to Dismiss.
 {¶ 8} On January 2, 2001, Meyer filed a second intentional tort complaint. On the refiled complaint, Meyer tied each allegation to a violation of the Ohio Administrative Code. During these proceedings, Meyer had a claim pending before the Industrial Commission of Ohio, on the basis of a Violation of Specific Safety Requirement ("VSSR"). He asked the court to put the litigation "on hold" temporarily, pending a ruling on the VSSR. On April 23, 2001, the Industrial Commission held a hearing on the claim and found Wabash did not violate the Ohio Administrative Code.
 {¶ 9} On June 15, 2001, the trial court held a status conference, having previously scheduled final pre-trial and tentative trial dates for October 31, 2001 and November 13, 2001. Wabash stated Meyer's intentional tort claim was moot because the Industrial Commission denied his VSSR claim. The trial court instructed Meyer to review his complaint, seek leave to amend and, if necessary, to add new facts and evidence which had arisen at the Industrial Commission VSSR hearing. On August 17, 2001, Meyer filed a Motion for Leave to Amend to add the newly discovered facts to the complaint. On October 29, 2001, the trial court denied the motion on the basis that the "facts" for which Meyer sought leave to amend have already been presented during a previous administrative proceeding; therefore, they could not serve as the basis for a new claim.
 {¶ 10} On October 30, 2001, Wabash filed a Motion for Summary Judgment, in which it argued Meyer's claims were barred by the doctrines of collateral estoppel and res judicata. The court postponed the November 13, 2001 trial date and granted Wabash's Motion for Summary Judgment on February 1, 2002. Meyer now appeals.
 {¶ 11} In his first assignment of error, Meyer challenges the trial court's discretion in granting a motion for summary judgment that was filed without expressed leave of court.
 {¶ 12} In West v. Cleveland Clinic Foundation,[1] the court set forth the following standard for our review of summary judgment:
 {¶ 13} We consider an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[4]
 {¶ 14} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] The movant may satisfy this burden with or without supporting affidavits, and must "point to evidentiary materials of the type listed in Civ.R. 56(E)."[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[7] In satisfying its burden, the non-movant "may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[8]
 {¶ 15} Rather than accepting either party's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether each party met their respective summary judgment burdens.
 {¶ 16} In Lachman v. Wietmarschen,[9] the court stated the following: "a court may, in its sound discretion, consider a motion for summary judgment that has been filed, without express leave of the court, after the action has been set for trial. Furthermore, where the acceptance of a motion occurs by the grace of the court, the decision to accept is by itself leave of court."[10] In Lachman, the appellees, Wietmarschen and Crowe, did not make a formal request for leave of court, but the fact that the court acknowledged their motion and set a hearing date showed that retroactive leave to file was granted. Similarly here, when the court accepted Wabash's motion for summary judgment which was filed without expressed leave of court, it gave them implicit and retroactive leave to file the motion. We recognize that Meyer had an opportunity to file a motion in opposition to the motion for summary judgment, but chose not to do so.
 {¶ 17} Accordingly, we overrule Meyer's first assigned error.
 {¶ 18} In his second assignment of error, Meyer contends the trial court abused its discretion when it denied him leave to amend his complaint to include newly discovered evidence.
 {¶ 19} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[11] "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party." An amended pleading is designed to include matters occurring before the filing of the complaint but either overlooked or not known at the time.[12] The trial court determined the newly discovered facts were included in Meyer's own testimony during the VSSR hearing before the Industrial Commission, where his claim was denied. Because it was Meyer's own testimony, it could have been asserted at the outset of the litigation; therefore, those facts were not proper amendments. Further, this information had already been presented during a previous administrative proceeding, where a decision was issued on the merits, which was not favorable to Meyer. The doctrine of res judicata "operates to preclude the re-litigation of a point of law that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction."[13] Thus, the information Meyer was proposing to include in his amended complaint could not serve as a basis for a new claim. Accordingly, we overrule Meyer's second assignment of error.
Judgment affirmed.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., concur.
[1] (June 15, 2000), Cuyahoga App. No. 77183.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 292.
[7] Id. at 293.
[8] Civ.R. 56(E); See Dresher.
[9] First District No. C-020208, 2002-Ohio-6656.
[10] See Juergens v. Strang, Klubnik and Assocs. (1994),96 Ohio App.3d 223, 234.
[11] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257 (Citations omitted).
[12] Mork v. Waltco Truck Equip. Co. (1990), 70 Ohio App.3d 458,461.
[13] State ex rel. Kroger Co. v. Indus. Comm. (1998),80 Ohio St.3d 649.