OPINION
{¶ 1} The plaintiff-appellant, John Zestos ("Zestos"), appeals the judgment of the Defiance County Common Pleas Court granting summary judgment in favor of the defendant-appellee, Powertrain Division, General Motors Corporation ("Powertrain") on his appeal filed pursuant to R.C. 4123.512. Zestos asserts the following convoluted and argumentative assignment of error: TheCourt of Common Pelas [sic] committed reversible error when itgranted on August 5, 2004, leave for [Powertrain] to filed itsthird motion for summary judgment based on its settlement in theMichigan Industrial Commission of all of Plaintiff's worker's[sic] compensation claims for all injuries in Michigan andalso in Ohio, including specifically the claim for the "nerveentrapment injury" to Plaintiff's right arm, of November 11,1993, for $12,500.00 and the Court of Common Pleas committedreversible error in then granting [Powertrain's] motion forsummary judgment on March 17, 2006, because one of [Powertrain's]latches [sic] in not reporting in November 1998, and later, thesettlement of the Ohio claim under [Powertrain's] duties toPlaintiff, an Ohio claimant and resident when the claim occurred,and [Powertrain] knew that it should have reported the claimunder O.R.C. 4123.65 to the Ohio Industrial Commission, for thatcommission to determine if that settlement was "a grossmiscarriage of justice", and if it was "clearly unfair", as[Powertrain] knew that it was, a grave miscarriage of justice andwas grossly unfair and additionally, because in equity and atlaw, the said settlement was "unconscionable", and "overreaching"by [Powertrain] because the settlement covered Mr. and Mrs.Zestos to give up all their claims for the right arm nerveentrapment injury, which had totally disabled [Zestos] fromworking since 1990 or 1991, and since, so that Mr. Zestos wasentitled to total temporary, permanent total disability, "wageloss" for each year of around $21,000.00, so that the potentialrecoverable was well over $200,000.00; and all of [Powertrain's]acts and omissions contributed to that gross injustice andgrossly unfair settlement.
 {¶ 2} Although Zestos has enumerated only one assignment of error, he has asserted two distinctly different arguments thereunder. Initially, Zestos contends the trial court erred by allowing Powertrain to file a third motion for summary judgment. An affirmative defense may not be presented for the first time in a motion for summary judgment, but must be asserted in a motion to dismiss under Civ.R. 12(B), in an answer under Civ.R. 8, or in an amended or supplemental answer under Civ.R. 15. Carmen v.Link (1997), 119 Ohio App.3d 244, 250, 695 N.E.2d 28 (citingMills v. Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55,320 N.E.2d 668). In this case, Powertrain did not simply file a motion for summary judgment, it also filed a motion for leave to amend its answer under Civ.R. 15(E), which the trial court granted.
 {¶ 3} Civ.R. 15(E) vests broad discretion in the trial court in allowing parties to amend their pleadings. A trial court may
upon reasonable notice and upon such terms as are just, permit[a party] to serve a supplemental pleading setting forthtransactions or occurrences or events which have happened sincethe date of the pleading sought to be supplemented.
Civ.R. 15(E). The purpose of a supplemental pleading is "to enable the pleader to include in the record new facts that have accrued since the commencement of the action and which will modify the amount or nature of the relief sought in the original complaint." Staff Notes to Civ.R. 15(E) (citing 1A Barron and Holtzoff 816, 817 (Wright ed. 1960)). See also Gilson, supra at ¶ 25. However, a supplemental pleading filed pursuant to Civ.R. 15(E) "`must contain only matters in common with the original complaint'". Gilson, supra at ¶ 25 (quoting Mork, supra). A trial court's decision granting leave to file a supplemental pleading will not be reversed on appeal absent an abuse of discretion. Gilson v. Windows and Doors Showcase, LLC, 6th Dist. Nos. F-05-017 and F-05-024, 2006-Ohio-2921, at ¶ 24 (citing Civ.R. 15(E); Mork v. Waltko Truck Equip. Co. (1990),70 Ohio App.3d 458, 461, 591 N.E.2d 379). An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted)).
 {¶ 4} Powertrain alleged it discovered the settlement agreement, executed as part of the Michigan workers' compensation claim as it prepared for trial on July 28, 2004. Powertrain filed its motion to supplement answer on August 4, 2004. In its motion, Powertrain asserted that the settlement agreement was executed after it filed its original answer in this litigation. On August 4, 2005, the trial court held a pre-trial conference, at which counsel for both parties were present. On that same date, the court filed its order granting Powertrain's motion to supplement its answer. At the pre-trial conference, the court also granted leave for Powertrain to file its motion for summary judgment, though its orders were not journalized until August 5, 2004. We cannot find the trial court abused its discretion in allowing Powertrain to supplement its answer. Therefore, Powertrain followed the appropriate procedure in raising its affirmative defense.
 {¶ 5} The trial court also has broad discretion in allowing a party to file a motion for summary judgment after the case has been set for pre-trial or trial. Civ.R. 56(B). The court's decision will not be reversed absent an abuse of discretion. SeeKott Ent., Inc. v. Brady, 6th Dist. No. L-03-1342,2004-Ohio-7160; Brinkman v. Toledo (1992), 81 Ohio App.3d 429,432, 611 N.E.2d 380; Indermill v. United Sav. (1982),5 Ohio App.3d 243, 244, 451 N.E.2d 538. Because the supplemental answer raised an affirmative defense that could bar Zestos' claim, we cannot find the trial court abused its discretion in allowing Powertrain to file its motion for summary judgment. Therefore, we find Zestos' first argument not well-taken.
 {¶ 6} In his second argument, Zestos contends the trial court erred in granting summary judgment in favor of Powertrain. Zestos essentially argues that Powertrain failed to file the settlement agreement with the Industrial Commission as required under R.C.4123.65, and the settlement agreement was unconscionable. In response, Powertrain contends that the clear and unambiguous language of the settlement agreement bars Zestos' workers' compensation claim in Ohio; that it was not required to file the settlement agreement under R.C. 4123.65; and that Zestos' claim is barred under the doctrine of election of remedies.
 {¶ 7} Because Zestos has appealed the trial court's grant of summary judgment, we review the record de novo. See Baraby v.Swords, 166 Ohio App.3d 527, 2006-Ohio-1993, 851 N.E.2d 559, at ¶ 7 (citing Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198). As to the merits of Zestos' appeal, our review of the record indicates that the trial court has thoroughly addressed the relevant factual and legal issues in its judgment entry filed on February 15, 2006, which is attached hereto as Exhibit A.[1] Therefore, we incorporate the trial court's judgment entry and adopt it as part of our opinion. For the reasons stated therein, Zestos' second argument is meritless, and the sole assignment of error is overruled.
 {¶ 8} The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment affirmed.
 Shaw and Cupp, JJ., concur.
 JUDGMENT ENTRY
This cause came on for consideration of the motion for summary judgment filed on behalf of Powertrain Division, General: Motors Corporation. Memoranda in support of and in opposition to the motion have been provided and various evidentiary materials have been submitted in connection with the motion, including the Affidavit of one Kelly Schultz, an employee of General Motors National Benefits Center; Affidavits of appellant's counsel, John G. Bull Dog Rust; and most recently an Affidavit of one C. Gary Wilson, a practicing workers' compensation attorney.
In the instant case Mr. Zestos alleges various conditions including cubital tunnel syndrome, carpal tunnel syndrome with ulnar neuropathy and arthritic changes resulting from his employment with Powertrain Division, General Motors, on November 13, 1993. The Ohio claim was assigned No. OD59719-22 and disallowed by the Industrial Commission. This appeal followed.
As established by the Affidavit of Kelly Schultz, on or about May 18th, 1995, the same Plaintiff filed a workers' compensation claim in Michigan against Powertrain alleging injuries to his right upper extremity and lungs arising out of his employment with Powertrain with injury dates of August 8th 1996 and, significantly, November 11, 1993. In September of 1998 a Magistrate for the Michigan Bureau of Workers' Disability Compensation conducted a hearing on the claim. On November 23rd, 1998, prior to the issuance of any decision by the Michigan Magistrate, Mr. Zestos and Powertrain reached a full and final settlement of all claims against Powertrain for the sum of $12,500. A document entitled "Agreement to Redeem Liability" was executed in connection with the settlement. At the time of the settlement both parties were represented by counsel. On November 25th, 1998, the Michigan Magistrate entered a "Redemption Order" setting forth the terms of the settlement. In April of 1999 the Michigan Workers' Compensation Appellate Commission affirmed the Magistrate's Redemption Order which became final pursuant to Michigan law. By the explicit terms of the settlement agreement and release, Mr. Zestos and Powertrain settled all claims for injuries allegedly relating out of Plaintiff's employment at Powertrain on August 8th, 1976, November 11th, 1993, and "all other dates of employment". Powertrain made payment of the settlement amount to Mr. Zestos, to Mr. Zestos' counsel and paid the fees required by the Michigan Department of Labor.
Powertrain contends in its current motion that the instant claim is barred by the Michigan settlement, the plain terms of the release and the doctrine of election of remedies. Plaintiff argues that the November 23rd, 1998, settlement agreement is not binding because Powertrain failed to file the Michigan settlement agreement With the Ohio Industrial Commission and that the settlement agreement is unconscionable.
A review of the evidentiary materials and applicable statute, R.C. 4123.65, demonstrates no requirement that Powertrain file the agreement to redeem liability, i.e. the Michigan settlement, with the Ohio Industrial Commission. As argued in connection with Powertrain's position that the instant claim is barred by the doctrine of election of remedies, it is obvious that Mr. Zestos chose to pursue his claims related to his right upper extremity, initially injured in 1976, as a Michigan claim. It is similarly clear that the settlement agreement, executed by Plaintiff while represented by counsel, covers John Zestos' employment with Powertrain Division, General Motors Corporation "on or about 8/8/76, 11/11/93 and all other dates of employment . . ." No rights were reserved to any party and the parties clearly intended the settlement to be a complete release from any and all injuries arising out of Plaintiff's employment with Powertrain. There is no basis to contend that R.C. 4123.65 requires approval of the Michigan settlement with the Ohio Industrial Commission.
As to Plaintiff's contention that the Michigan settlement is unconscionable and therefore unenforceable, the evidence before the court does not meet the test of unconscionability set forth in Dorsey v. Contemporary Obstetrics Gynecology, Inc. (1996),113 Ohio App.3d 75, and developed under other Ohio case law. The settlement agreement in the instant case was executed while a Michigan administrative proceeding was pending and, quite significantly, while Plaintiff was represented by counsel, who also executed the agreement. The circumstances are unfortunate, as Mr. Zestos is certainly a sympathetic claimant, however, his difficulties with his spouse and the premise that she "forced" him to enter into an unfavorable settlement is not the fault of Powertrain.
The affidavit of Attorney Wilson submitted by Plaintiff, while perhaps relevant to a legal malpractice action, does not provide evidentiary support for the required element of procedural unconscionability which would be necessary to invalidate the settlement.
Based on all the foregoing, construing the evidence most favorably in favor of the non-moving party, it is apparent that Plaintiff's claims herein are barred by the settlement entered into between these same parties November 23rd, 1998, and the doctrine of election of remedies. It is, therefore, ORDERED, ADJUDGED and DECREED that the appeal herein is dismissed, with prejudice. Costs to Plaintiff.
[1] On page 4 of the trial court's February 15, 2006 judgment entry, we note that the citation "Dorsey v. ContemporaryObstetrics Gynecology, Inc. (1996), 113 Ohio App.3d 75," should state: "Dorsey v. Contemporary Obstetrics Gynecology,Inc. (1996), 113 Ohio App.3d 75, 80, 680 N.E.2d 240 (quotingCollins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (internal citations omitted))."