[Cite as *Oko v. Cleveland Div. of Police*, 2021-Ohio-2931.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL A. OKO,                           :

    Plaintiff-Appellant,          :

                             No. 110025

    v.                            :

CLEVELAND DIVISION OF POLICE,      :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 26, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-901604

---

### *Appearances:*

Michael Oko, *pro se.*

Barbara A. Langhenry, Cleveland Director of Law, and
Michael J. Pike, Assistant Director of Law, *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant Michael Oko ("Oko") appeals the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of appellees Cleveland Division of Police and the city of Cleveland ("the City") on his claims for

replevin and conversion.  After a thorough review of the law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This appeal involves a civil action for replevin and conversion based upon the claimed unlawful taking and possession of two of Oko's automobiles.

{¶ 3} On April 18, 2018, Cleveland Police Patrolman Alex Johnson observed two vehicles with expired plates parked on the street at 675 East 160th Street, Cleveland, Ohio.  The vehicles were a 2001 Honda Odyssey and a 1993 Honda Accord.  Both vehicles had multiple flat tires, and the Odyssey exhibited substantial damage.  Video from Ptl. Johnson's body camera reflects that the cars were parked on the street and unable to be driven.

{¶ 4} Cleveland Codified Ordinances ("C.C.O.") 435.09 prohibits vehicles with expired plates from being parked on a public street.  Ptl. Johnson called for a tow of the vehicles based upon their expired plates; the vehicles were towed to the Quigley Road Impound Lot.  Two notices were sent to Oko on May 10, 2018, to inform him that the vehicles had been impounded and would be disposed of on June 4, 2018, if they were not claimed.  The notices were sent to the addresses on file with the Ohio Department of Motor Vehicles.  Oko did not claim the vehicles, and they were disposed of on June 20, 2018.

{¶ 5} Oko filed a complaint against the Cleveland Division of Police alleging that the towing, impoundment, and ultimate disposal of the vehicles by the City was improper.  Because Oko's complaint sought relief under the United States

Constitution, the case was removed to federal court. Oko later amended his complaint to add the City and John and Jane Doe defendants. Oko abandoned his federal claims, and the matter was remanded to the Cuyahoga County Court of Common Pleas.

{¶ 6} On remand, the parties conducted discovery. During the pendency of the case, a third vehicle of Oko's was impounded for expired plates. Oko sought to add an additional claim regarding the towing to the pending case, which the court denied.

{¶ 7} The City moved for summary judgment on Oko's claims. Oko opposed the City's motion, and later subsequently filed his own motion for summary judgment. The trial court granted the City's motion and denied Oko's. Oko then filed the instant appeal, raising the following five assignments of error for our review:

> 1. Whether The trial Court['s] failure to recused [sic] himself from the case as a formal legal Counsel for the City of Cleveland Police Department constitute[d] an appearance of Judicial bias to the detriment of the Pro Se Plaintiff.
>
> 2. Whether the Trial Court Abused its Discretion by 1) [Striking] from the Record Plaintiffs Motion For Declaratory Judgment; 2) [Denying] without a hearing Plaintiffs Unopposed Motion for Immediate Possession of Automobile and refusal to issue finding of facts and Conclusion of law and 3) [declining] Leave to Plaintiff to add a retaliatory Complaint by the Defendants involving the [taking] of another automobile belonging to Plaintiff during this action.
>
> 3. Whether it is lawful for the Defendants [to] deny Plaintiffs of his right to a written notice of a parking infraction and the rights to dispute such infraction without precondition or penalty pending judicial findings.

4. Whether the Trial Court Committed Reversible error in granting Summary Judgment in favor of Defendants without proper consideration to Plaintiffs Motion to compel discovery in contravention of Civ.R. 56.

5. Whether Pro Se Plaintiff was completely denied of his right fair and equitable review and consideration of Plaintiff['s] complaint of his pleadings at the lower court due to his Pro Se representations.

## II. Law and Discussion

### A. First Assignment of Error

{¶ 8} In his first assignment of error, Oko argues that the trial court judge should have recused himself because the City was his former client. Oko makes this assertion based upon the fact that the trial court judge, Judge William T. McGinty, was a former Cuyahoga County prosecutor. The City contends that there is no merit to this assertion because, as a prosecutor for Cuyahoga County, Judge McGinty would not have represented the City.

{¶ 9} Regardless of whether Oko's argument has any merit, the record reflects that Oko did not object or raise this issue in the lower court proceedings. "It is well settled that an appellate court will not rule on an alleged error that could have been brought to the attention of the trial court." *E. Cleveland v. Echols*, 8th Dist. Cuyahoga No. 74941, 1999 Ohio App. LEXIS 5706, 5 (Dec. 2, 1999), citing *State v. Peagler*, 76 Ohio St.3d 496, 499, 668 N.E.2d 489 (1996). R.C. 2701.031 mandates that allegations of judicial bias must be raised in an affidavit of disqualification filed at least seven days before the date of the hearing. There is no evidence that any such affidavit was filed in this case.

> A court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. * * * R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court.

*Echols*, quoting *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993).

{¶ 10} Because Oko failed to properly raise the issue of bias, he is precluded from raising the issue on appeal. Thus, Oko's first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 11} In his second assignment of error, Oko argues that the trial court erred by (1) striking his motion for declaratory judgment; (2) denying without hearing his motion for immediate possession and refusing to issue findings of fact and conclusions of law; and (3) denying him leave to add a retaliatory claim regarding the taking of his third automobile during the pendency of the action.

{¶ 12} In his motion for declaratory judgment, Oko sought an order declaring that the applicable ordinances and statutes were unconstitutional. In striking the motion, the court noted that an action for declaratory judgment was not pled. The court found that even if it converted the motion into a complaint, it would be untimely and filed without leave. Oko does not provide any argument as to how the court erred, and we cannot say that the trial court abused its discretion in striking the motion.

{¶ 13} With regard to Oko's motion for immediate possession, the trial court ruled as follows:

The court treats the motion for immediate release of automobiles filed on 09/21/2018 (which appears to be embodied within the contents of the plaintiff's first amended complaint) as a written motion of plaintiff for an order for possession of the property.

Sua sponte, after due consideration, the motion of plaintiff for an order for possession of the property is denied. The motion is insufficient; plaintiff has failed to establish the statutory requirements without an affidavit as required by [R.C.] 2737.02 and [R.C.] 2737.03 et seq.

(Emphasis deleted.)

{¶ 14} The City further notes in its brief that the vehicles that were the subject of the motion, the Odyssey and the Accord, had already been properly disposed of; as such, the motion was moot.

{¶ 15} Oko's brief does not contain any particular reasoning as to how the trial court erred in denying his motion. As it appears that the court carefully considered the motion and determined it to be without merit, we cannot say that the court abused its discretion.

{¶ 16} Finally, Oko argues that the trial court abused its discretion by denying his motion for leave to file a supplemental complaint. In denying his motion, the trial court stated as follows:

The supplemental (or amended) complaint raises a new cause of action containing matters that are not in common with the original complaint. Plaintiff's motion for leave to file a supplemental complaint instanter, filed on 11/22/2019, to address the taking of the 2008 Land Rover Ohio registration HLA 4659, is denied.

(Emphasis deleted.)

{¶ 17} Supplemental pleadings are governed by Civ.R. 15(E), which provides in pertinent part:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

{¶ 18} A supplemental pleading filed pursuant to Civ.R. 15(E) "'must contain only matters in common with the original complaint.'" *Gilson v. Windows & Doors Showcase, L.L.C.*, 6th Dist. Fulton Nos. F-05-017 and F-05-024, 2006-Ohio-2921, ¶ 25, quoting *Mork v. Waltco Truck Equip. Co.*, 70 Ohio App.3d 458, 459, 591 N.E.2d 379 (9th Dist.1990). Moreover, "[t]he purpose of a supplemental pleading is 'to enable the pleader to include in the record new facts that have accrued since the commencement of the action and which will modify the amount or nature of the relief sought in the original complaint.'" *Zestos v. Powertrain Div., GMC*, 3d Dist. Defiance No. 4-06-12, 2006-Ohio-4545, ¶ 3, quoting Staff Notes to Civ.R. 15(E), citing 1A Barron and Holtzoff, *Federal Practice and Procedure*, 816, 817 (Wright Ed.1960). A trial court's decision granting leave to file a supplemental pleading will not be reversed on appeal absent an abuse of discretion. *Gilson* at ¶ 24, citing Civ.R. 15(E); *Mork*.

{¶ 19} Oko sought to supplement his complaint by adding an additional claim rather than including new facts that would modify the relief sought in the original complaint. Accordingly, because this was not a proper supplemental complaint, the trial court did not abuse its discretion in denying his motion. Oko's second assignment of error is overruled.

## C. Third Assignment of Error

{¶ 20} In his third assignment of error, Oko argues that the court erred by failing to address the merits of his claim that the City deprived him of his right to written notice of a parking infraction and the right to dispute such infraction. This is essentially an argument regarding the trial court granting summary judgment on his claims.

{¶ 21} "An appellate court reviews an appeal of the granting of summary judgment under a de novo standard of review." *Pappas v. Ippolito*, 177 Ohio App.3d 625, 2008-Ohio-3976, 895 N.E.2d 610, ¶ 8 (8th Dist.). "Accordingly, it affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate." *Id.* "Additionally, an appellate court recognizes that for purposes of deciding a motion for summary judgment, it is not the duty of the appellate court, or the trial court, to weigh the evidence or to resolve issues of credibility." *Id.*

{¶ 22} To succeed on a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party meets this burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists. *Id.*

{¶ 23} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to

judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Dresher* at 293. A fact is material if it "might affect the outcome of the suit under the governing law" of the case. *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶ 24} In his brief in opposition to the City's motion for summary judgment, Oko offered his own affidavit wherein he stated that the subject vehicles were parked in his driveway and not on the street and thus were not subject to towing. He further maintains that he never received any notice to remove the vehicle from the driveway or the prohibited location. Oko further offered the affidavit of Nnaeto Amujiogu, the owner of Oko's residence at 675 East 160th Street, Cleveland, Ohio. Amujiogu stated that on April 18, 2018, he "came home and observed two Vehicles have [sic] moved from the drive way [sic] to the Street and are being towed under the watchful eyes of two Cleveland Police Officer [sic] * * *."

{¶ 25} In support of its motion for summary judgment, the City offered the affidavits of Ptl. Johnson and Sergeant Michael Donegan. Attached to the affidavit of Ptl. Johnson was a copy of the video footage from his bodycam when he arrived on scene on April 18, 2018, showing the two vehicles with expired plates parked on the street.

{¶ 26} Oko concedes that the registration for each vehicle was expired, but disputes that they were parked on the street. At the summary judgment stage, facts

must be viewed in a light most favorable to the nonmoving party. However, in this instance, there is video evidence that can shed light on this matter. As noted by the trial court, the video recording submitted by the City shows the vehicles parked on the street when the police called in the towing request. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

{¶ 27} Accordingly, it is clear that the vehicles' registrations were expired, and they were parked on a public street, in direct violation of C.C.O. 435.09(e). This ordinance provides that "[n]o person shall park or operate any vehicle upon any public street or highway upon which are displayed any license plates for any period of time which has expired[.]" C.C.O. 405.02(d) authorizes police officers to provide for the removal of a vehicle when it is parked on any street while displaying illegal plates or fails to display the current lawfully required license plates.

{¶ 28} Accordingly, because Oko's vehicles were parked on a public street with expired license plates, the vehicles were properly towed by the City. Moreover, the City presented evidence that it sent notice to Oko, as required by R.C. 4513.61(C)(1), notifying him that the vehicles would be disposed of if not claimed within ten days of the date of mailing of the notice.

**{¶ 29}** We therefore find that no genuine issues of material fact remain as to Oko's claims for replevin and conversion. The trial court properly granted summary judgment, and Oko's third assignment of error is overruled.

## D. Fourth Assignment of Error

**{¶ 30}** In his fourth assignment of error, Oko asserts that the court erred in granting summary judgment without properly considering his motion to compel discovery. Oko contends that the City did not respond to his request for interrogatories and admissions. Oko argues that the trial court was required to ensure that discovery was completed prior to ruling on his motion for summary judgment.

**{¶ 31}** The trial court's judgment entry of September 15, 2020, contained rulings for several motions, including the cross-motions for summary judgment and Oko's motion to compel. In denying Oko's motion to compel, the court set forth the various motions and responses that had been filed and noted as follows:

> The discovery deadline was 11/18/2019. Plaintiff's response to the defendant's motion for summary judgment was due 01/27/2020. But, on 01/31/2020 plaintiff filed a motion to compel defendant to answer plaintiff's discovery requests that had been due 01/14/2020.

> The defendant responded to plaintiff[']s discovery on February 4, 2020. Plaintiff acknowledged receiving the defendant's responses, but he needed time to review the responses to decide if they were adequate. See: JE 02/06/2020. Defendant was ordered to produce any additional documents by 02/25/2020. The court decided the discovery issues raised by plaintiff's motion to compel, filed 01/31/2020, had been resolved.

{¶ 32} It is clear that the trial court analyzed the motion to compel and determined that the documents had been produced. Consequently, we cannot say that the trial court committed any error, and Oko's fourth assignment of error is overruled.

### E. Fifth Assignment of Error

{¶ 33} In his fifth assignment of error, Oko essentially argues that he was not treated properly by the trial court because he was acting pro se. This court has previously recognized,

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7.

{¶ 34} Oko contends that the court treated his filings with contempt and bias in favor of the City and failed to review and consider the merits of his claims. However, Oko does not point to any specific parts of the record that would support this contention.

{¶ 35} As noted above, Oko did not raise any issue of bias or partiality in the lower court and cannot raise such issues now. Regardless, it is clear from the trial court's judgment entry of September 15, 2020, that the trial court thoroughly

considered all of Oko's filings and properly ruled upon them.  We therefore overrule Oko's fifth assignment of error.

## III. Conclusion

{¶ 36} Oko has not demonstrated that the trial court erred in granting summary judgment on his claims, striking his motion for declaratory judgment, denying without hearing his motion for immediate possession, or denying his leave to file a supplemental pleading.  Further, because he failed to raise any issue of bias in the lower court, we cannot consider this issue on appeal.  Finally, Oko failed to demonstrate that he was treated improperly because he was acting pro se.

{¶ 37} All of Oko's assignments of error are overruled, and we affirm the judgment of the trial court.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR