[Cite as *Toth v. Rocket Mtge., L.L.C.*, 2026-Ohio-926.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CATHERINE D. TOTH,  :

    Plaintiff-Appellant,  :

                       No. 114901

    v.  :

ROCKET MORTGAGE, LLC,  :

    Defendant-Appellee.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-992357

---

### *Appearances:*

Employment Law Partners, LLC, Kami D. Brauer, and Stuart G. Torch, *for appellant*.

Frost Brown Todd LLP, and Matthew C. Blickensderfer; Vernum, LLP; Varnum LLP, Maureen Rouse-Ayoub, and Neil E. Youngdahl, pro hac vice, *for appellee*.

Law Offices of John C. Camillus, LLC, and John C. Camillus, *for amicus curiae* Ohio Employment Lawyers Association.

LISA B. FORBES, P.J.:

{¶ 1} Plaintiff-appellant Catherine D. Toth ("Toth") appeals from a decision of the Cuyahoga County Court of Common Pleas granting defendant-appellee Rocket Mortgage, LLC's ("Rocket Mortgage") motion for summary judgment on the grounds that Toth's employment-discrimination claim was time-barred by a one-year statute of limitations that Toth had agreed to in her employment contract with Rocket Mortgage. After a thorough review of the law and the facts of this case, we reverse the trial court's decision and remand for further proceedings.

## I. Background and Procedural History

### A. Toth's Complaint

{¶ 2} On February 6, 2024, Toth filed a civil complaint against Rocket Mortgage pursuant to R.C. 4112.052, alleging sexual discrimination and retaliation in violation of the civil-rights protections set forth in R.C. 4112.02. Toth alleged that she was employed by Rocket Mortgage as a fair lending officer and that the conduct giving rise to her claims occurred between October 31, 2020, and September 23, 2021.

{¶ 3} It is undisputed that Toth worked for Rocket Mortgage from her home in Cleveland, Ohio during this period of time. It is also undisputed that Rocket Mortgage is headquartered in Detroit, Michigan. Toth alleged in her complaint that the company maintains a principal place of business in Cleveland, Ohio, and that

she would have been required to report to the Cleveland office if in-person work had been necessary.

{¶ 4} Toth alleged that she identifies as a lesbian and that her supervisor was aware of her sexual orientation. She further alleged that, during her employment, she complained to Rocket Mortgage's Human Resources Department regarding discrimination she and others experienced based on sex and sexual orientation. Toth claimed that Rocket Mortgage unlawfully terminated her employment on September 23, 2021, in retaliation for these complaints. She also alleged that following her termination, Rocket Mortgage harassed her by pressuring her to prematurely sign a severance agreement.

{¶ 5} Toth further alleged that she exhausted all required administrative remedies under R.C. Ch. 4112 prior to filing the lawsuit. Specifically, she asserted that she filed a discrimination charge with the Ohio Civil Rights Commission ("OCRC") on May 31, 2023, and that the charge remained pending until the OCRC issued a notice of right to sue on October 26, 2023.

**B. Rocket Mortgage's Dispositive Motion**

{¶ 6} Rather than file an answer to the complaint, Rocket Mortgage filed a "motion to dismiss and/or for summary judgment" on April 8, 2024. Rocket Mortgage sought dismissal of Toth's case under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted and, in the alternative, for improper venue under Civ.R. 12(B)(3). Acknowledging that its motion presented evidence beyond

the pleadings, Rocket Mortgage requested that the court treat its motion as a motion for summary judgment under Civ.R. 56.

{¶ 7} Rocket Mortgage attached to its motion an affidavit of Amy Bishop ("Bishop"), Toth's supervisor during her time at Rocket Mortgage. In her affidavit, Bishop attested that she worked at Rocket Mortgage's Detroit location and that when Toth was hired in May 2020, she was hired to work in Rocket Mortgage's Detroit location. Bishop attached to her affidavit Toth's offer letter, which states that Toth will be working in the Detroit location. Bishop attested that at the time of Toth's hiring, all employees were required to work remotely because of health and safety reasons. Bishop further attested that she was part of the decision to both hire and fire Toth and that all employees who were part of the decision to fire Toth were also employees of the Detroit office. Bishop attested that had "Toth continued in her employment, it was discussed that her position would include regular visits to Rocket Mortgage's Detroit office when Rocket Mortgage's employees returned to in office work." Bishop attached a copy of the employment agreement ("Employment Agreement") signed by Toth and Rocket Mortgage.

{¶ 8} In support of its motion, Rocket Mortgage argued that Toth had entered into an employment contract with Rocket Mortgage in which Toth had agreed to a Michigan choice-of-law provision and also a one-year statute of limitations on any legal claim against the company. Rocket Mortgage argued that Toth had filed her discrimination claims over two years after she was fired, and,

therefore, her claims were time-barred by the one-year statute of limitations agreed upon in her contract.

{¶ 9} In support of its dispositive motion, Rocket Mortgage also argued that Toth had agreed that any potential claim brought against the company would be litigated in the county in which she was employed and that Toth was employed in Wayne County, Michigan where Detroit is located.

{¶ 10} Toth opposed the motion for summary judgment. In doing so, Toth did not dispute any of the materials presented by Rocket Mortgage in support of its motion, however she did dispute Rocket Mortgage's legal defenses. Specifically, she argued that Michigan law does not apply to her claims under R.C. Ch. 4112, that the two-year statute of limitations within R.C. Ch. 4112 is a substantive right that cannot be waived or shortened by an employment contract, and that her claims were timely and appropriately brought under Ohio law because, according to Toth, that is where her injury accrued. She also argued that venue in Cuyahoga County is appropriate under the terms of the parties' Employment Agreement because she was employed by, and worked for, Rocket Mortgage in Cuyahoga County.

{¶ 11} The parties do not dispute that, pertinent to this appeal, Section 9 of Toth's Employment Agreement, which is titled "Law, Limitation, & Venue," in relevant part states:

> 9.1 Applicable Law. This Agreement shall be construed in accordance with the laws of the State of Michigan, without giving effect to any conflict of law principles.

9.2 Limitation Period and Venue.  You must assert any claim against the Company or its current or former employees, officers, owners, or agents, within 1 year after your claim arises or within the applicable statutory limitations period provided by law, whichever occurs first. Your failure to do so shall act as a bar to any claim that you may have. Claims must be asserted in the state court located in, or the federal court that has jurisdiction over, the county in which you are or were employed by the Company.

{¶ 12} On February 11, 2025, the court granted Rocket Mortgage's motion for summary judgment, stating:

> Pursuant to the contract, the statute of limitations in this action is one year from when the claim arose.  The claim arose September 23, 2021 and the complaint was filed on February 6, 2024.  Therefore, the one-year statute of limitations had expired.

The trial court did not address Rocket Mortgage's alternative ground for dismissal based on improper venue.

{¶ 13} Toth appeals from the trial court's judgment, raising the following three assignments of error:

> I. The trial court erred by granting Defendant-Appellee Rocket Mortgage's motion to dismiss and/or for summary judgment, finding that Appellant Toth's R.C. 4112 claims were time-barred pursuant to a 1-year contractual statute of limitations provision, when:
>
> > (a) The statute of limitations within Chapter 4112 is a substantive right that cannot be waived or shortened by contract in advance by employees;
> >
> > (b) Ms. Toth timely filed her R.C. 4112 claims within the applicable 2-year statute of limitations; and
> >
> > (c) Michigan law, which permits the shortening of a statute of limitations by contract, does not apply to Ms. Toth's claims under Chapter 4112.
>
> II. Additionally, contrary to Rocket Mortgage, Ms. Toth's claims cannot be dismissed based on venue because Cuyahoga County is the

appropriate venue under the terms of the parties' Employment Agreement as Ms. Toth was employed by and worked for Rocket Mortgage in Cuyahoga County. Further, under Ohio's civil rules, dismissal is not the appropriate remedy for a matter not properly venued.

III. The trial court abused its discretion by denying Ms. Toth's motion to strike, and/or motion for leave to file a Sur-reply, addressing an argument raised by Rocket Mortgage for the first time in its Reply brief, that a discrimination claim based on sexual orientation is not cognizable under R.C. 4112.

## II. Law and Analysis

### A. Standard of Review

{¶ 14} The trial court treated Rocket Mortgage's motion to dismiss and/or for summary judgment as a motion for summary judgment, which neither party disputes. We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. *Id.* On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). A fact is material if it "'might affect the outcome of the suit under the governing law' of the case." *Oko v. Cleveland Div. of Police,* 2021-Ohio-2931, ¶ 23 (8th Dist.), quoting *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993). "A factual dispute is 'genuine' only

if 'it allows reasonable minds to return a verdict for the nonmoving party.'" *Huntington Natl. Bank v. Blount,* 2013-Ohio-3128, ¶ 32 (8th Dist.), quoting *Sysco Food Servs. v. Titan Devs.,* 1995 Ohio App. LEXIS 4762, *7 (9th Dist. Oct. 25, 1995).

## B. Choice of Law Directs Statute-of-Limitations Analysis

{¶ 15} In granting summary judgment in favor of Rocket Mortgage, the trial court held that Toth's claims for employment discrimination and retaliation were time-barred because they were not brought within one-year after her claims arose, as required under the terms of her Employment Agreement. Before reaching this conclusion, the trial court made no determination as to what law — Michigan or Ohio — applies to Toth's substantive tort claims. Since the enforceability of the statute-of-limitations provision in the contract is informed by which state's substantive law applies, we reverse the trial court's decision and remand for further proceedings to determine whether Ohio or Michigan's civil-rights laws apply to Toth's discrimination and retaliation claims, and whether a one-year contractual statute of limitations is enforceable under that state's statutes.

{¶ 16} "A choice-of-law clause is '[a] contractual provision by which the parties designate the jurisdiction whose law will govern any disputes that may arise between the parties.'" *Desantis v. Lara*, 2009-Ohio-2570, ¶ 19 (1st Dist.) "The governing principle in contract interpretation is to give effect to the intent of the parties, and we presume that the intent of the parties is reflected in the plain language of the contract." *Lubrizol Advanced Materials, Inc. v. Natl. Union Fire Ins. Co.*, 2020-Ohio-1579, ¶ 9, citing *Westfield Ins. Co. v. Galatis,* , 2003-Ohio-5849,

¶ 11. "'When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties.'" *Id.*, quoting *Sunoco, Inc. (R&M) v. Toledo Edison Co.*, 2011-Ohio-2720, ¶ 37.

{¶ 17} As noted, Section 9.1 of Toth's Employment Agreement contains a choice-of-law clause stating: "This Agreement shall be construed in accordance with the laws of the State of Michigan, without giving effect to any conflict of law principles."

{¶ 18} The plain language of Section 9.1 limits the application of Michigan law to "[t]his agreement." By its terms, this choice-of-law provision is narrow. Section 9.1 applies Michigan law to claims relating to interpretation or alleged breach of the agreement itself, but does not evidence an intent to subject tort claims or other types of claims between the parties to Michigan law. *See, e.g., Live Cryo, L.L.C. v. CryoUSA Import & Sales, L.L.C.*, 2017 U.S. Dist. LEXIS 149850, *11-12 (E.D. Mich. 2017) (choice-of-law clause providing "[t]his Agreement is governed by the laws of the State of Texas" was limited to contract claims and did not include tort claims); *see also In re E.I. du Pont de Nemours & Co. C-8 Personal Injury Litigation*, 316 F. Supp. 3d 1021, 1028 (S.D. Ohio 2015) (A choice-of-law provision applying to "this agreement" governs only breach-of-contract claims, not claims arising outside the agreement's terms, such as tort claims.); *see also Bentley v. Equity Trust Co.*, 2015-Ohio-4735, ¶ 18 (9th Dist.), citing *Isaac v. Alabanza Corp.*, 2007-Ohio-1396, ¶ 16 (7th Dist.) Under both Michigan and Ohio law, claims based on an unlawful discriminatory practice relating to employment are tort claims. *See*

*also* R.C. 2315.18(A)(7) (defining a "tort action" to mean "a civil action for damages for injury or loss to person or property" and noting that this definition includes "a civil action based on an unlawful discriminatory practice relating to employment brought under section 4112.052 of the Revised Code"); *see also Phillips v. Butterball Farms Co.*, 448 Mich. 239, 248-249 (1995) (recognizing that employment-discrimination claims sound in tort). They are not contract claims.

{¶ 19} "In resolving a conflict of law, the forum court applies the choice-of-law rules of its own state." *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2019-Ohio-5439, ¶ 17 (10th Dist.). The Ohio Supreme Court instructed trial courts to apply the 1 Restatement of the Law 2d, Conflict of Laws, § 145 (1971), to resolve choice-of-law questions involving tort claims. *See Scott Fetzer Co. v. Am. Home Assur. Co.*, 2023-Ohio-3921, ¶ 17. Pursuant to Section 145, "a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d 339, 342 (1984). "To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145." *Id.*

{¶ 20} Section 145(1) of the Restatement provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.[1]

---

[1] Section 6 of the Restatement, "Choice-of-Law Principles," lists general principles for choice-of-law analyses. It provides:

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

1 Restatement, § 145, at 414.

{¶ 21} In this case, the trial court failed to conduct a choice-of-law analysis to determine whether Toth's statutory employment-discrimination claims were properly brought under R.C. 4112.052 or instead governed by Michigan's analogous employment-discrimination statute. The trial court's failure to perform this analysis is significant. Without this threshold determination, the trial court could not

---

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

1 Restatement, § 6, at 10.

definitively say whether the one-year contractual-limitations period contained in Toth's Employment Agreement was enforceable.

{¶ 22} Materially different considerations apply to the enforceability question depending on which state's substantive law governs Toth's claims. If Ohio law governs Toth's employment-discrimination claims, the trial court will have to consider how recent amendments to R.C. Ch. 4112 — known as the Employment Law Uniformity Act ("ELUA") — affect the enforceability of the statute-of-limitations clause, if at all. Prior to the ELUA, this court upheld contractual provisions shortening the limitations period for employment-discrimination claims brought under R.C. Ch. 4112. *See Fayak v. Univ. Hosps.*, 2020-Ohio-5512, ¶ 18-21 (8th Dist.). However, the ELUA materially altered the statutory scheme. Among its most consequential changes, the ELUA (1) imposed an administrative-exhaustion requirement, mandating that claimants first file a charge of discrimination with the OCRC and exhaust administrative remedies before initiating a civil action for damages, *see* R.C. 4112.052(B)(1)(a), and (2) established a two-year statute of limitations for employment-discrimination claims, which tolls during the pendency of the OCRC process, *see* R.C. 4112.052(C)(1). Ohio courts have not yet assessed the impact, if any, of these changes on the enforceability of contractual limitations periods. *But see Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 828-829 (6th Cir. 2019) (holding that the contractual provision setting a six-month limitations period was unenforceable as applied to the plaintiff's federal-discrimination claims

brought pursuant to Title VII which, like the ELUA, imposes a mandatory administrative process and includes a limitations period directly in the statute).

{¶ 23} On the other hand, if Michigan law governs Toth's employment-discrimination claims, as the Michigan Supreme Court recently explained, contractual provisions in employment agreements that impose reduced limitations periods are enforceable only if they are reasonable. *Rayford v. Am. House*, 2025 Mich. LEXIS 1400, *39-44 (July 31, 2025). Under Michigan law, the reasonableness of a contractually shortened limitations period is assessed by considering three factors: (1) whether the reduced limitations period in the contract affords the claimant a sufficient opportunity to investigate and file an action; (2) whether the time limitation is so short as to effect a practical abrogation of the right of action; and (3) whether the action would be barred before the loss or damage can be ascertained. *Id.*, citing *Camelot Excavating Co. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118, 127 (1981).

{¶ 24} Accordingly, absent a determination regarding the appropriate choice of law governing Toth's underlying employment-discrimination claims, the trial court could not properly assess the validity or effect of the contractually reduced limitations period.[2]

{¶ 25} We, thus, sustain Toth's first assignment of error and remand to the trial court for further proceedings on the choice-of-law issue.

---

[2] We decline to undertake the choice-of-law analysis for the first time on appeal. To do so would effectively deprive the parties of their right to appellate review of the trial court's determination on that issue.

## C. Venue

{¶ 26} In her second assignment of error, Toth argues that Rocket Mortgage incorrectly asserted in its motion that her complaint should be dismissed for lack of proper venue. Toth contends that § 9.2 of the Employment Agreement requires any claims to be brought in the state court located in "the county in which you are or were employed by the Company," and that she was, for all intents and purposes, employed in Cleveland, Ohio, not Michigan. Toth further argues that even if venue in Cuyahoga County were improper, Rocket Mortgage incorrectly asserted that dismissal of her complaint was warranted, because under Civ.R. 3 the trial court could have stayed the action pending refiling in Michigan.

{¶ 27} We find no merit to Toth's second assignment of error. Rocket Mortgage raised the venue issue as an additional argument in its motion to dismiss and/or for summary judgment; however, the trial court never ruled on the issue of venue. Instead, the trial court granted summary judgment based on the affirmative defense that Toth filed her claim outside the one-year statute of limitations to which she agreed in the Employment Agreement. Accordingly, the second assignment of error is overruled.

{¶ 28} We do, however, note that on remand if it is determined that venue is not proper in Cuyahoga County but is proper in Michigan, then the Michigan court has authority to make the choice-of-law determination, using that law that applies to that forum. *See Agility Health, L.L.C. v. Forbes Private Capital Group*, 2016 Mich. App. LEXIS 1442, *13 (July 28, 2016) (When an action is filed in a Michigan

court, the court uses Michigan choice-of-law principles to determine which state's law applies to the underlying claims.); *see also Estate of Sample*, 2019-Ohio-5439, at ¶ 17 (10th Dist.) ("In resolving a conflict of law, the forum court applies the choice-of-law rules of its own state."). While Ohio has adopted the Restatement of the Law 2d, Conflict of Laws (1971), as a means of determining choice of law, Michigan may apply different rules.

### D. Motion to Strike and Leave to File Sur-Reply

{¶ 29} In her third assignment of error, Toth argues that the trial court abused its discretion by denying her motion to strike and/or her motion for leave to file a sur-reply to Rocket Mortgage's reply in support of its motion for summary judgment. According to Toth, Rocket Mortgage improperly raised for the first time in its reply brief the argument that a claim for sexual discrimination based on sexual orientation is not cognizable under R.C. Ch. 4112. We find that Toth's third assignment of error is not ripe for our consideration in light of our remand for further proceedings.

## III. Conclusion

{¶ 30} For the foregoing reasons, we sustain plaintiff's first assignment of error and reverse the decision of the trial court granting summary judgment in favor of the defendant on plaintiff's claims for employment discrimination. We remand to the trial court for further proceedings consistent with this opinion.

{¶ 31} Judgment reversed, and case remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR